# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| **SAT TECHNOLOGY, INC., et al.,** | : | Case No.: 1:18-CV-00907 |
| | : | |
| Plaintiffs, | : | |
| | : | Judge Douglas R. Cole |
| v. | : | |
| | : | |
| **CECO ENVIRONMENTAL CORP.,** | : | **AGREED CONFIDENTIALITY AND** |
| | : | **PROTECTIVE ORDER** |
| Defendant. | : | |

This 24th day of January, it is hereby **STIPULATED** and **AGREED** between Plaintiffs SAT Technology, Inc., et al. and Defendant CECO Environmental Corp. (jointly "the Parties"), and it is hereby **ORDERED** by the Court, that the following terms and conditions shall govern the use and handling of confidential information and documents produced by the Parties in the above-captioned matter ("this Action"):

1. **Limitation of Use**. All documents produced and all information obtained through discovery in this Action, to the extent they are subject to this Agreed Confidentiality and Protective Order (the "Protective Order"), shall only be used for purposes of prosecuting or defending this Action. Such documents may not be used for any other reason, including but not limited to using such documents for a parties' own personal business purposes. Except as set forth herein, said documents or the information contained therein shall not be disclosed to any third parties.

2. **Definition of Confidential Information and Scope of Protective Order**. "Confidential Information" shall mean any and all information and things produced in discovery or trial that a party deems to contain trade secrets or other proprietary, technical, or confidential

information that is not publicly available (including but not limited to commercial or business information) and which such party has designated as "Confidential" or "Confidential – Attorneys' Eyes Only" pursuant to the terms and mechanisms of this Protective Order. The provisions of this Protective Order apply to all such information and things so designated.

3. **Method of Asserting Confidentiality**. To assert a claim that information or things are "Confidential" or "Confidential – Attorneys' Eyes Only," the parties shall designate the whole or any part of any documents or any such thing by stamping, imprinting or labeling them with the words "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" upon every page of a produced document and to the extent practicable with respect to other things produced at the time of production. Such designations shall be used only as necessary in good faith if such party reasonably believes that disclosure of such materials or information to persons other than those listed below is substantially likely to cause injury to such party. In the case of deposition testimony, confidentiality designations may be made during the deposition and in any event shall be made within seven (7) days after the transcript has been received by counsel making the designation and shall specify the testimony being designated confidential by page and line number(s). Until the expiration of such seven-day period, the entire text of the deposition, including all testimony therein and exhibits thereto, shall be treated as "Confidential" under this Protective Order.

4. **Deposition Testimony**. In the event that any question is asked at a deposition that a party or non-party asserts calls for Confidential Information, such question shall nonetheless be answered by the witness fully and completely, to the extent possible, if required by law. Counsel for the deponent shall, either at the deposition or within seven (7) days after the receipt of the transcript thereof by said counsel, notify all counsel on the record or in writing, that certain

specified portions of that transcript and/or exhibits are deemed "Confidential" or "Confidential – Attorneys' Eyes Only" and subject to the provisions of the Protective Order.

5. **Subsequent Designations**. In the event that the producing party inadvertently fails to designate discovery material as "Confidential" or "Confidential – Attorneys' Eyes Only" in this Action or any other re-filed action if this Action is dismissed, it may make such a designation subsequently by notifying all parties to whom such discovery material was produced, in writing, as soon as practicable. After receipt of such notification, the parties to whom production has been made shall treat the designated discovery material as "Confidential" or "Confidential – Attorneys' Eyes Only," subject to their right to dispute such designation in accordance with Paragraph 10 below.

6. **Access to Materials Designated "Confidential."** Materials designated as "Confidential" may only be disclosed or made available by the party receiving such information to the following individuals provided that such individuals are informed of the terms of this Protective Order:

    a. The individual parties in this action and up to five (5) employees or officers of the corporate parties to this action;

    b. counsel of record and paralegals, investigators, consultants, or attorneys working with, retained, or employed by counsel of record in connection with this Action;

    c. expert witnesses or consultant retained by the parties (directly or through counsel) to assist in the preparation of the case;

    d. any witness who is deposed or testifies under oath in this matter;

    e. court reporters, videographers or stenographers at depositions;

    f. the Court, including law clerk personnel and other court staff; and

    g. other persons only after notice to all parties and upon order of the Court, or upon written consent of the designating party.

7. The persons referred to under sub-paragraphs a and c of paragraph 6 shall be furnished "Confidential" information only after they have agreed in writing, in the form annexed hereto as "Exhibit A," to be bound by the terms of this Protective Order. Outside counsel for the Parties shall maintain copies of the aforementioned written agreements.

8. **Access to Materials Designated "Confidential – Attorneys' Eyes Only."** Materials designed as "Confidential – Attorneys' Eyes Only" may be disclosed or made available by the party receiving such information only to the following individuals and provided that such individuals are informed of the terms of this Protective Order:

   a. counsel for the receiving party;

   b. supporting personnel employed by counsel such as paralegals, legal secretaries, data entry clerks, legal clerks, and private photocopying services;

   c. experts or consultants;

   d. deponents who are listed as authors or recipients of the designated materials (or with other deponents as may be agreed to by counsel);

   e. court reporters, videographers or stenographers at depositions; and

   f. the Court, including law clerk personnel and other court staff.

9. Prior to disclosing "Confidential Information" to a proposed expert or consultant, the party receiving such information shall provide the proposed expert with a copy of this Protective Order and shall secure written agreement from the proposed expert that he or she agrees to comply with the terms and conditions of this Protective Order.

10. **Objections and Procedures for Objections.** Objections to designations must be made in good faith and for good cause, in writing, stating with particularity the reasons therefor. If a dispute over a designation cannot be settled, the objecting party shall notify the Court of the

dispute as promptly as possible by requesting that the Court hold a conference call with counsel for all interested parties to seek resolution of the dispute. The burden to sustain any designation is upon the designating party. The burden to sustain any objection to an individual's access to Confidential Information is upon the objecting party. There shall be no further disclosure of any objected-to designated materials until the Parties or the Court have resolved the dispute unless the parties have agreed to the contrary in writing.

11. **Use of Confidential Information**. In the event that any "Confidential" or "Confidential – Attorneys' Eyes Only" information is used for, or discussed in, or attached to any pre-trial discovery or used in Court, the parties agree that any and all such materials shall be deemed "Confidential" or "Confidential – Attorneys' Eyes Only" (depending on the designation) and may only be reviewed by the persons designated in paragraphs 6 and 8 above; provided that nothing in this Protective Order shall be deemed to prohibit (a) any party from viewing any motions, responses, replies, or other filings in this Action or (b) any party from including information or materials deemed "Confidential" or "Confidential – Attorneys' Eyes Only" at trial or in any motion of filing in this Action subject to the terms of Paragraph 19.

12. **Inadvertent Disclosure of Confidential Information**. In the event that Confidential Information is inadvertently disclosed, such disclosure shall not constitute a waiver of any privilege or objection attached to the documents or information.

13. **Limitation of Protective Order**. No disclosure shall waive any rights or privileges of any party granted by this Protective Order. This Protective Order shall not enlarge or affect the proper scope of discovery in this Action or any other litigation, nor shall this Protective Order imply that discovery material designated as "Confidential" or "Confidential – Attorneys' Eyes Only" under the terms of this Protective Order is properly discoverable, relevant,

authenticated, or admissible in this Action or any other action. Nothing in this Protective Order shall be deemed an admission that any particular Confidential Information is entitled to protection under this Protective Order or any other law.

14. **Right to Seek Additional Protection**. The entry of this Protective Order shall be without prejudice to the rights of the Parties, or any one of them, or of any non-party to assert or apply for additional or different protection at their discretion.

15. **Good Faith Effort to Comply**. All counsel of record in this Action shall make a good faith effort to comply with the provisions of this Protective Order and to ensure that their clients do so. In the event of a change in counsel, retiring counsel shall fully instruct new counsel of their responsibilities under this Protective Order and new or additional counsel shall execute and serve upon counsel for all other parties a certification that they have read the Protective Order and understand that they are bound by its terms.

16. **Survival of Terms**. The terms of this Protective Order shall survive and remain in effect after the termination of this Action. The Parties shall take such measures as are necessary and appropriate to prevent the disclosure of Confidential Information, through inadvertence or otherwise, after the conclusion of this Action.

17. **Subpoena of Confidential Information**. If Confidential Information in the possession of a receiving party is subpoenaed by any court, administrative or legislative body, or any other person or organization purporting to have authority to subpoena such data or information, the party to whom the subpoena is directed shall not, to the extent permitted by applicable law, provide or otherwise disclose such documents or information without waiting ten (10) business days after first notifying counsel for the producing party in writing of: (1) the information and documentation which is requested for production in the subpoena; (2) the date on which

compliance with the subpoena is requested; (3) the location at which compliance with the subpoena is requested; (4) the identity of the party serving the subpoena; and (5) the case name, jurisdiction and index, docket, complaint, charge, civil action or other identification number or other designation identifying the litigation, administrative proceeding or other proceeding in which the subpoena has been issued.

18. **Inadvertent Production of Privileged Information**. Inadvertent production of documents subject to work-product immunity, the attorney-client privilege or other legal privilege protecting information from discovery shall not constitute a waiver of the immunity or privilege, provided that the producing party shall promptly notify the receiving party in writing of such inadvertent production. If reasonably prompt notice is given, such inadvertently produced documents and all copies thereof, as well as all notes or other work product reflecting the contents of such materials, shall be returned to the producing party or destroyed, upon request, and such returned or destroyed material shall be deleted from any litigation-support or other database. Any work-product that is inadvertently produced, and any notes reflecting the contents of such materials, shall be destroyed upon request subject to any challenges as to whether such documents are work-product. No use shall be made of such documents during deposition or at trial, nor shall they be shown to anyone who was not given access to them prior to the request to return or destroy them, unless and until the Court resolves any dispute over whether any applicable privilege applies or the parties agree otherwise in writing. The party returning such material may move the Court for an order compelling production of the material, but such motion shall not assert as a ground for entering such an order the fact or circumstances of the inadvertent production.

19. **Filing or Use of Confidential Information at Hearing or Trial**. This Protective Order does not restrict or limit the use of Confidential Information at any hearing or

trial (as evidence, to refresh recollections, to impeach witnesses, or for any other lawful purpose) or within or as an attachment to any motion, response, reply, or other filing with the Court, except that any Party or non-party desiring to file or submit to the Court Confidential Information shall first seek permission from the Court to file or submit said Confidential Information under seal and shall file or submit it in that form unless the Court orders otherwise. The parties' designation of materials as "Confidential" or Confidential – Attorneys' Eyes Only" pursuant to this Protective Order does not entitle any party to file that material under seal; rather, the party seeking to preserve the confidentiality of the material through filing under seal must establish that doing so is consistent with the requirements for sealing set forth in *Shane Grp. Inc. v. Blue Cross Blue Shield*, 825 F.3d 299 (6th Cir. 2016), and must comply with the procedures for sealing set forth in S.D. Ohio Civ. R. 5.2.1. Before seeking to file under seal, the parties shall confer to determine whether sealing is necessary. In the event that one or both of the parties contend that sealing is necessary, the parties shall contact the Court to discuss the appropriate manner to put the Sealing Order issue before the Court.

20. **Return or Destruction of Confidential Information Upon Conclusion.** No later than within thirty (30) days after the termination of this Action (including any appeals or the expiration of time to file such appeals), whether by final adjudication on the merits, settlement, or otherwise, all Confidential Information, all copies thereof, all extracts, tabulations and compilations, thereof, in any form whatsoever, shall be returned to counsel for the party that originally produced it. Alternatively, the Parties may agree in writing upon appropriate methods of destroying documents containing Confidential Information so that third parties cannot learn that information. This provision shall not require the Court's return of any documents filed with the Court.

21. **Jurisdiction of Court**. This Court shall retain jurisdiction to enforce the terms of this Protective Order.

**SO ORDERED.**

January 24, 2020
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**